IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CURTIS HOLLMAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0544-B |
| | § | |
| NO NAMED DEFENDANT | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

On March 22, 2006, Curtis Hollman, an inmate in the TDCJ-ID, filed a lengthy handwritten pleading complaining about the outcome of his trial on state criminal charges and his subsequent incarceration. Because the court was unable to ascertain the nature of this suit from the pleading, plaintiff was ordered to advise the court whether he wanted to challenge his conviction and sentence in a writ of habeas corpus pursuant to 28 U.S.C. § 2254, or whether he intended to bring a civil rights action for money damages pursuant to 28 U.S.C. § 1983. A form habeas petition and a form civil rights complaint accompanied this order. Plaintiff was instructed to file one of these form pleadings by April 28, 2006, or this action would be dismissed. *See* Order, 3/31/06. After this deadline passed, plaintiff was once again ordered to advise the court whether he intended to challenge his conviction and sentence in a section 2254 habeas proceeding or whether he intended

to sue for money damages in a section 1983 civil rights action. Plaintiff was warned that the failure to file this written advisory and submit an amended pleading on a court-approved form by May 22, 2006 would result in the dismissal of his case. *See* Order, 5/2/06. To date, plaintiff has not complied with these orders. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff has failed to advise the court of the nature of his claims despite two orders requiring him to do so by a specific date. Both times plaintiff was warned that his failure to comply with the orders would result in the dismissal of his case. Without the information requested from plaintiff, the court cannot determine whether this action should proceed as a section 2254 habeas case or a section 1983 civil rights action. Dismissal is the only option available under the circumstances.

**RECOMMENDATION**

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 26, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE